UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOSHUA HILLIARD,

                                  Plaintiff,                    **COMPLAINT**

               -against-                           **PLAINTIFF DEMANDS**
                                                           **A TRIAL BY JURY**

THE CITY OF NEW YORK,
POLICE OFFICER JESUS SANTOS (TAX ID 948274)
and JOHN DOES 1-2


                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

           Plaintiff, Joshua Hilliard, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:

           1.       Plaintiff brings this action under 42 U.S.C. § 1983 to recover for the

deprivation  of plaintiff's constitutional rights when defendants falsely arrested plaintiff while he

was waiting to get a haircut and wrongfully imprisoned plaintiff for approximately 27 hours.

<b>PARTIES, VENUE and JURISDICTION</b>

           2.       At all times hereinafter mentioned, plaintiff, Joshua Hilliard, was an adult

male resident of the Bronx County, within the State of New York.

           3.       At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

1

4.      At all relevant times hereinafter mentioned, defendant JESUS SANTOS (Tax 948274) was an individual employed by the City of New York as a member of the NYPD assigned to the Housing Bureau, known as PSA 6, by the NYPD.  Defendant Santos is sued herein in his official and individual capacities.

5.      At all relevant times hereinafter mentioned the Doe defendants were members of the NYPD employed by the defendant City of New York and acting under color of law and under color of their authority as officers, agents, servants and employees of the defendant City of New York. At all times hereinafter mentioned, the Doe defendants were assigned to the Housing Bureau, PSA 6 of the NYPD. The Doe defendants are sued herein in their official and individual capacities.

6.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.      Venue is properly laid, pursuant to 28 U.S.C. Section § 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

8.      On July 11, 2014, at about 8 p.m., plaintiff was lawfully present at 301 West 153 Street, in the County of New York, City and State of New York.

9.      Plaintiff was outside a barber shop, waiting his turn to get his hair cut.

10.      There were other individuals nearby playing dice.

11.      Plaintiff was not participating in the dice game.

12.      Plaintiff was not engaged in any suspicious or illegal activity.

2

13.     At or about this time, defendant Santos and  John Does 1-2 arrived on duty.

14.     Without any legal justification or excuse, the individual defendants approached plaintiff and immediately placed handcuffs on the plaintiff and placed him under arrest.

15.     Despite the absence of any evidence of wrongdoing on the part of the plaintiff, the defendants searched plaintiff.

16.     The search yielded no evidence of any guns, drugs, or contraband.

17.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested plaintiff.

18.     The decision to arrest plaintiff was objectively unreasonable under the circumstances.

19.     The defendants then took plaintiff to station house known as the Housing Bureau, PSA 6, where he was held for several hours.

20.     Moreover, defendants  improperly strip searched plaintiff.

21.     The strip search of course yielded no evidence of any guns, drugs, or contraband.

22.     Plaintiff was nonetheless eventually transferred to New York County Central Booking where he was held for several more hours before he was arraigned on a criminal complaint sworn to or made on the basis of false allegations provided by the defendants.

23.     Specifically, defendant Santos falsely alleged in the criminal complaint that he "observed [Mr. Hilliard and another individual] exchanging money and rolling a set of

3

dice to predict the winner of money at the above location."

24.    Based on these false allegations, plaintiff was charged with Promoting Gambling in the Second Degree under PL § 225.05 and Possession of a Gambling Device under PL § 225.30(2).

25.    Plaintiff was eventually released with a future court date and was forced to make several court appearances pursuant to these false allegations before the charges against him were dismissed on February 4, 2015.

26.    The charges were dismissed and the charges sealed according to Certificate of Disposition Number 394831.

27.    At no time prior to or during the encounter was there probable cause to arrest plaintiff.

28.    At no time did any defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiff.

29.    The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

30.    That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL DEFENDANTS**

31.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

32.     At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, or for strip searching him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

33.     Defendants willfully and intentionally seized, searched, detained, arrested, and strip searched plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

34.     By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, unlawful searches of person and property, unlawful strip search, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

35.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**
**AGAINST THE CITY OF NEW YORK**

36.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

37.     Defendant City of New York was responsible for ensuring that reasonable

5

and appropriate levels of supervision were in place within and/or over the NYPD.

        38.    Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

        39.    The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

        40.    All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

41.     The aforementioned customs, practices, procedures, and rules of the City

and the NYPD include, but are not limited to, the following unconstitutional practices:

a.     Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.     Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.     Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.     Retaliating against officers who report police misconduct; and

e.     Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

42.     The existence of aforesaid unconstitutional customs and policies may be

inferred from repeated occurrences of similar wrongful conduct, as documented in the following,

non-exhaustive list of civil actions:

a.     *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b.     *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.     *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d.     *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.     *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

f.     *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.     *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

h.     *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i.     *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.     *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.        *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.        *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.      *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.        *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.        *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.        *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.        *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.        *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.        *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

    43.     In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

    44.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

    45.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the

violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

46.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.      On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.     On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.    On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.     Statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

v.      such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       February 22, 2016

                              By:  _____/s/_____
                                   James Sanborn (JS-4011)
                                   Reibman & Weiner
                                   Attorneys for Plaintiff
                                   26 Court Street, Suite 1808
                                   Brooklyn, New York 11242
                                   Tel. 718-522-1743